Denise K. Top (SBN: 238961)
Email: denise@toplawpc.com
TOP LAW PC
180 Grand Avenue, Ste. 1300
Oakland, CA 94612
Tel (510) 319-9900
Fax (510) 319-9920

Attorneys for Defendant:
    Meera Sharnoff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERKLEY INSURANCE COMPANY, a Delaware Corporation,<br><br>                Plaintiff,<br><br>vs.<br><br>OAKCARE MEDICAL GROUP, INC., a California Corporation; Amy Kane, a California Resident; Deborah Chong, a California Resident; Meera Sharnoff, a California Resident; EAST BAY MEDICAL GROUP, INC. f/k/a ALAMEDA HEALTH PARTNERS, INC., a California Non-Profit Corporation; ALAMEDA HEALTH SYSTEM FOUNDATION a/k/a ALAMEDA HEALTH SYSTEM, a California Non-Profit Corporation,<br><br>                Defendants. | Case No.: 4:22-cv-05181-DMR<br><br>**DEFENDANT SHARNOFF'S CIV L.R. 79-5 MOTION FOR LEAVE TO FILE UNDER SEAL AND TO CORRECT THE DOCKET** |

# NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT, pursuant to Civil Local Rules 7-11 and 79-5, Defendant Sharnoff seeks this administrative relief for leave to file documents under seal (Stipulation Extending Time to Respond to the Complaint), to correct the docket to permit her to litigate this matter in pseudonym, and to redact her home address from the docket. Defendant Sharnoff has a pending action in state court against Oakcare, Inc., (Alameda County Superior Court, Case No. RG20084226), which is the basis for Berkeley Insurance Company's present action against her. The state court action was filed in pseudonym to protect her privacy rights due to the highly sensitive, private medical and personal information detailed in that Complaint, which is easily discoverable based on the information disclosed in the present Complaint, filed by Berkley Insurance Company.

Defendant's motion is based on this Notice of Motion and Motion; the below Memorandum of Points and Authorities; the Declaration of Denise K. Top, and any exhibits attached thereto; all other papers submitted in support of the Motion; the pleadings and other records on file in this case; and any other matter that the Court may properly consider.

DATED: November 22, 2022                    TOP LAW PC

                                            By:     /s/ Denise K. Top
                                            Denise K. Top
                                            Attorney for Defendant Meera Sharnoff

\* \* \*

# MEMORANDUM OF POINTS AND AUTHORITIES

**I.  INTRODUCTION**

In December 2020, Defendant Sharnoff initiated a state court action for wrongful termination action against her former employers, Oakcare Medical Group, Inc., East Bay Medical Group, Inc. f/k/a Alameda Health Partners, Inc., and Alameda Health System Foundation a/k/a Alameda Health System. In that pending action, Defendant Sharnoff asserts

those entities jointly employed her as a doctor, where she was thereafter discriminated against and subject to retaliatory conduct based on her own disabling medical condition, which is detailed in the body of the operative Complaint. (*See* Declaration of Denise K. Top, In Support of Motion for Leave to File Under Seal ("Top Decl.), ¶ 4**, Exhibit A**, filed herewith; [First Amended Complaint for Damages, filed 12/2/21].) Defendant Sharnoff filed the state court action in pseudonym due to the uniqueness of her name, the highly sensitive nature of the private medical and personal information disclosed, and her profession.

      On or about September 21, 2022, counsel for Berkley notified counsel for Sharnoff that she had been named a defendant this federal court action asking seeking declaratory relief. Counsel for Sharnoff raised the privacy issue with counsel for Berkley, explaining that the state court action had been filed in pseudonym to protect Defendant Sharnoff's privacy and requesting that Berkley move to correct the federal case docket.

      Berkley declined to make the motion and stated that it would not object to Defendant Sharnoff seeking this Court's permission to proceed using her initials, like the pending state court action. (*See* Top Decl, ¶7, **Exhibit B**; [Meet and confer correspondence].)

      Late on the evening of November 2, 2022, Berkley personally served Defendant Sharnoff at her home. Thereafter Berkley and Sharnoff stipulated to an extension of time for Sharnoff to respond to the Complaint. Defendant Sharnoff seeks leave to file said stipulation under seal and to correct the docket, which displays her unique name and address as a matter of public record, replacing her name with her initials and redacting her home address, so she may proceed under pseudonym.

## II.    ARGUMENT

    **A.**    **The Highly Sensitive Medical and Personal Nature of the Facts Plead In the State Court Action Warrants the Protection of Defendant Sharnoff's Privacy In the Present Case**

In limited circumstances parties may be permitted to proceed under fictitious names where the court determines the privacy right outweighs the public's right of access to judicial

1  proceedings. (*Does I thru XXIII v. Advanced Textile Corp*. (9th Cir. 2000) 214 F3d 1058, 1068; *Roe v. Aware Woman Ctr. for Choice, Inc*. (11th Cir. 2001) 253 F3d 678, 684-685; *Sealed Plaintiff v. Sealed Defendant* (2nd Cir. 2008) 537 F3d 185, 189.)   Such exceptional circumstances, include matters involving a highly sensitive and personal nature and where the injury to be avoided (e.g., invasion of privacy) would result in the disclosure of plaintiff's identity.  (*Doe v. Frank* (11th Cir. 1992) 951 F.2d 320, 324; *Doe v. Megless* (3rd Cir. 2011) 654 F.3d 404, 408.)

Defendant Sharnoff's matter falls squarely within these exceptional circumstances. First, the plain language of Dr. Sharnoff's operative complaint against Oakcare, et. al. in the state court action clearly sets forth the basis of her privacy concerns and the reasoning for the pseudonym pleading.  It reads:

> Plaintiff M.S. files with this Court a Complaint in which she uses a pseudonym. This effort is based on the **highly sensitive, private medical and personal nature of information disclosed in the complaint**. The true names and identity of the plaintiff will be revealed to defendant or defense counsel. Plaintiff M.S. (hereinafter "M.S.") at all times mentioned herein was a resident of the State of California. All agreements, whether written or otherwise, entered into and alleged herein between Plaintiff and named Defendants were entered within the boundaries of the State of California and in the County of Alameda.

 (Top Decl., ¶4, **Exhibit A** [First Amended Complaint for Damages, filed 12/2/21, pg. 1, para. 1]; emphasis added.)

The underlying state court complaint details the highly sensitive, private medical and personal information.  (*Id*. at pg. 3, para 11, 13.)  Moreover, Dr. Sharnoff continues to work as a doctor.  There is little to no doubt that discovery of the federal complaint would lead to discovery of the underlying superior court action, thereby revealing Defendant Sharnoff's identity to the public, including her employer and/or future employers potentially negatively impacting her ability to continue in her chosen profession.

//

   B.   **There Is No Prejudice to Plaintiff Berkley (Or Any Party) If Defendant Sharnoff Proceeds in Pseudonym**

There is no public policy argument favoring disclosure due to prejudice resulting from Defendant Sharnoff remaining in pseudonym because Berkley (along with all the other parties) is clearly aware of her identity. (*See James v. Jacobson* (4th Cir. 1993) 6 F.3d 233, 238; *see also Sealed Plaintiff v. Sealed Defendant, supra*, 537 F.3d at 190 [considering whether nondisclosure of plaintiff's identify would be unfair to the other party].) Defendant Sharnoff asserts that her reasonable fear of severe harm outweighs the public policy favoring disclosure of her identity. (*See Doe v. Megless, supra,* 654 F3d at 408-409.) She seeks this administrative relief to avoid an invasion of privacy, and any resulting professional harm, that would result in the disclosure of her identity in this action.

## III.   CONCLUSION

Based on the foregoing, Defendant Sharnoff respectfully requests that this Court grant the present Motion and Order permitting leave to file under seal the Parties' Stipulation Extending Time to Respond to the Complaint (attached and filed here with) and to correct the docket to redact Defendant Sharnoff's full name, leaving just her initials, and home address to protect her identity and privacy to aide in preventing any professional, reputational harm from said disclosure.

DATED: November 22, 2022                                TOP LAW PC

                                                By:    _____/s/_Denise K. Top_____
                                                       Denise K. Top
                                                       Attorney for Defendant Meera Sharnoff