UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERKLEY INSURANCE COMPANY, A DELAWARE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>OAKCARE MEDICAL GROUP, et al.,<br><br>Defendants. | Case No. 22-cv-05181-HSG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR LEAVE TO FILE UNDER SEAL AND TO CORRECT THE DOCKET**<br><br>Re: Dkt. No. 33 |

Pending before the Court is Defendant Sharnoff's Motion for Leave to File Under Seal and to Correct the Docket. Dkt. No. 33 ("Mot."). Plaintiff Berkeley Insurance Company ("BIC") has filed an opposition. Dkt. No. 34 ("Opp."). The Court **GRANTS IN PART and DENIES IN PART** the motion.

## I.  LEGAL STANDARD

"The normal presumption in litigation is that parties must use their real names." *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1042 (9th Cir. 2010); *see also* Fed. R. Civ. P. 10(a) (stating that "title of the complaint must name all the parties"). Although it recognizes that the "use of fictitious names runs afoul of the public's common law right of access to judicial proceedings," the Ninth Circuit has "permitted parties to proceed anonymously when special circumstances justify secrecy." *Does I through XXIII v. Advanced Textile*, 214 F.3d 1058, 1067-68 (9th Cir. 2000) (citations omitted). Parties are allowed to use pseudonyms "in the unusual case when nondisclosure of the party's identity is necessary to protect a person from harassment, injury, ridicule or personal embarrassment." *Id.* at 1068 (alterations adopted and quotations omitted). Specifically, "a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to

1    the opposing party and the public's interest in knowing the party's identity. *Id.* "Applying this

2    balancing test, courts [in other districts and circuits] have permitted [parties] to use pseudonyms in

3    three situations: (1) when identification creates a risk of retaliatory physical or mental harm; . . .

4    (2) when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal

5    nature; . . . . and (3) when the anonymous party is compelled to admit his or her intention to

6    engage in illegal conduct, thereby risking criminal prosecution." *Id.* (alterations adopted and

7    quotations omitted).

8          Where "pseudonyms are used to shield the anonymous party from retaliation, the district

9    court should determine the need for anonymity by evaluating the following factors: (1) the severity

10   of the threatened harm, (2) the reasonableness of the anonymous party's fears; and (3) the

11   anonymous party's vulnerability to such retaliation." *Id.*

12         When ruling on the necessity and appropriateness of anonymity, "the court must also

13   determine the precise prejudice at each stage of the proceedings to the opposing party, and

14   whether proceedings may be structured so as to mitigate that prejudice." *Id.* "Finally, the Court

15   must decide whether the public's interest in the case would be best served by requiring that the

16   litigants reveal their identities." *Id.* (quotations omitted).

17         If anonymity is warranted, "the district court should use its powers to manage pretrial

18   proceedings under Rule 16(b) and to issue protective orders limiting disclosure of the party's

19   name under Rule 26(c) to preserve the party's anonymity to the greatest extent possible without

20   prejudicing the opposing party's ability to litigate the case." *Id.* at 1069.

21   **II.    DISCUSSION**

22         Ms. Sharnoff filed a state court action against her former employers using her initial as a

23   pseudonym. Mot. at 2. According to the motion, "Defendant Sharnoff filed the state court action

24   in pseudonym due to the uniqueness of her name, the highly sensitive nature of the private medical

25   and personal information disclosed, and her profession." *Id.* at 3. The motion states that BIC

26   chose to name Ms. Sharnoff as a defendant using her full name but stated that it would not object

27   to Ms. Sharnoff seeking to proceed pseudonymously. *Id.* at 3; *see also* Opp. at 2 ("BIC does not

28   object to Sharnoff litigating in this action pseudonymously so long as it would in no way limit

BIC's ability to conduct full and fair discovery or other efforts to obtain the relief it seeks, and so long as it not used by Sharnoff to argue that BIC has agreed to Sharnoff proceeding pseudonymously in [the state court action].")

The Court does not find that the justifications advanced in the motion or the sealed declaration (Dkt. No. 33-1) "outweigh[] prejudice to the opposing party and the public's interest in knowing the party's identity." *Advanced Textile* at 1068; *cf. Guifu Li v. A Perfect Day Franchise, Inc.*, 270 F.R.D. 509, 516 (N.D. Cal. 2010) (analyzing the need for anonymity due to potential retaliation and determining that "the severity of harm factor is a gating issue under *Advanced Textile*; if the harm feared is economic, and less than 'extraordinary,' no anonymity order can issue"). Accordingly, the Court **DENIES** Defendant Sharnoff's request to proceed pseudonymously and to correct the docket.[1]

Defendant Sharnoff also requests that her address be redacted from Dkt. No. 27, BIC's Certificate of Service. The Court finds that there is good cause to seal Defendant Sharnoff's address—particularly as there is no compelling reason for the public to have this information—and **GRANTS** Defendant Sharnoff's request to redact her address from this document. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (stating that "[a] 'good cause' showing . . . will suffice to keep sealed records attached to non-dispositive motions"); *cf. Doe v. City of San Diego*, No. 12-CV-689-MMA-DHB, 2014 WL 1921742, at *4 (S.D. Cal. May 14, 2014) (find that an exhibit's disclosure of personal information and irrelevance to the matter satisfied the higher "compelling reasons" standard for sealing exhibit).

//

//

//

---

[1] Further, it is not clear how Defendant Sharnoff suggests that the docket be "corrected" to redact her full name from entries. The proposed order lists around 30 docket entries that would need to be "corrected to replace all instances where [Defendant Sharnoff's] name appears and replacing her name with her initials," Dkt. No. 33-2 at 2, but does not provide a proposal for executing this plan. The Court finds that it would be logistically infeasible to "correct" all the docket entries that include Defendant Sharnoff's full name (particularly as there over 60 entries on the docket as of the date of this order, most of which likely would need to be corrected).

### III. CONCLUSION

The motion is **GRANTED IN PART and DENIED IN PART** as set forth above.[2]

The Court **DIRECTS** the Clerk to remove Dkt. No. 27 from the docket. The Court further **DIRECTS** BIC to file by April 7, 2023 a copy of the certificate of service with the address redacted in lieu of Dkt. No. 27.

**IT IS SO ORDERED.**

Dated: 4/4/2023

*Haywood S. Gilliam Jr.*
HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[2] The motion also requested leave to file under seal a stipulation extending the time for Defendant Sharnoff to respond to the complaint to December 12, 2022. The motion is **TERMINATED AS MOOT** as to this request.

4